UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **COLLEEN MARIE WELLING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:08 CV 104 |
| ) | |
| **ROBERT A. CLAMME, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

*Pro se* plaintiff Colleen Marie Welling filed a "Complaint and *Ex Parte* Writ of Mandatory Injunction in Law," (docket # 1) in which she seeks to enjoin state criminal prosecutions against her in the Superior Court of Jay County, Indiana. Now before this court is defendants' motion to dismiss the case in accordance with the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). (Docket #9.)

Plaintiff's complaint asks this court to enjoin the prosecuting attorney and state court judge from proceeding with a state prosecution against her for obstructing justice. (Docket #1 at 7; #9 at 2.) The complaint leads the court on a circuitous path through muddled factual allegations and assorted legal conclusions. Boiled down to its relevant parts, the complaint challenges the adequacy of the charging documents, the evidence against Welling, the legality of her arrest, the state court's jurisdiction, and the various rulings of the defendant judge. (Docket #9 at 4-5, *see also* docket #1 at 5-7.)

Defendants posit that the rule in *Younger v. Harris* prevents this court from enjoining the state criminal proceedings against plaintiff. *See Younger*, 401 U.S. at 46. *Younger* abstention normally bars a federal district court from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism.

*See, e.g. Collins v. County of Kendall*, 807 F.2d 95, 97 (7th Cir. 1986) (citing *Younger,* 401 U.S. at 53). Recognized exceptions to *Younger* abstention include cases involving official bad faith or harassment in enforcing state laws, or when other extraordinary circumstances justify a federal court's intrusion. *See FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) (citing cases).

In essence, plaintiff portrays the alleged deficiencies in the state court case against her as violations of her federal constitutional rights. Her vague contentions include a claimed deprivation "of my right to due process and equal protection under the law" and "a claim of due process right violations that is supposed to be protected by the United States Constitution Art. 6." (*See* docket #1 at 7.) Yet plaintiff fails to explain why the state court cannot adequately address these issues. As the Seventh Circuit has explained,"if a person is believed to have violated a state law, the state has instituted a criminal, disciplinary, or other enforcement proceeding against [her], and [she] has a federal defense, [she] cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding." *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir. 2004) (citing cases).

Plaintiff's complaint does not allege that the prosecution against her is motivated by a desire to harass or that it is being conducted in bad faith. She simply asserts that unless this court intervenes, she "will continue to suffer damage to her human dignity and peace of mind." (Docket #1 at 7.) This is not the kind of "very unusual situation [in which] an injunction is necessary to prevent great and immediate irreparable injury." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). Indeed, the *Younger* Court specifically noted that the "cost, anxiety, and inconvenience of

2

having to defend against a single criminal prosecution" is not the type of injury that can justify federal interference. *Younger*, 401 U.S. 37 at 46.

Accordingly this court must abstain from this matter. Defendant's motion to dismiss is **GRANTED**. The court directs the clerk to **ENTER THIS FINAL JUDGMENT**:

> Judgment is entered in favor of defendants and against plaintiff denying all relief on all of plaintiff's claims.

**SO ORDERED.**

**DATED**: June 5, 2008.

                                      s/ James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT